ABRAHAM URSANER, Plaintiff, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Defendant.

Supreme Court, Sullivan County, January 6, 1933.

*Isadore Rothenberg,* for the plaintiff.

*Taylor & Royce [John D. Lyons* and *Nellie Childs Smith* of counsel], for the defendant.

FOSTER, J. This is an action to recover disability benefits under certain life insurance policies issued to the plaintiff. The only issue in the case is whether the plaintiff was totally and permanently disabled within the meaning of the policy.

The plaintiff was fifty-one years of age on November 15, 1932, and has lived in Sullivan county for fifteen years. For several years prior to 1930 he was engaged in the shoe business, selling and repairing shoes. Then he engaged in the creamery business until November 28, 1931, when he claims that his ailment prevented him from further work.

The testimony of physicians called in his behalf is to the effect that he is suffering from arterial sclerosis, myocardial damage, and angina pectoris with coronary involvement. There seems to be some question as to whether angina is a symptom or a disease, but in any event it indicates a serious heart condition. The testi-

mony as to the degree of myocardial damage is somewhat conflicting, but taken as a whole there is not a substantial denial that the plaintiff is suffering from heart trouble. The witnesses differ as to whether he is incapacitated to the extent that he cannot engage in his usual vocation.

The language used in the policy, i. e., " totally and permanently disabled * * * so as to be prevented thereby from engaging in any occupation and performing any work * * *," must receive a reasonable interpretation. If taken literally it destroys the very purpose for which the policy was procured, and this could not have been within the contemplation of the parties when the policy was issued. Even a blind man, or one so crippled as to be unable to walk, might do certain things, such as selling pencils, newspapers or other small commodities, yet a reasonable mind would reject as absurd the denial that such a person was not totally and permanently disabled in the ordinary sense of those words. There seems to be no authoritative construction as to the meaning of the precise language used, but every reasonable intendment points to a liberal interpretation. The clause in question, therefore, must be held to include one who is totally and permanently disabled from engaging in his usual occupation, and from performing any work for which, under all the circumstances, he is reasonably fitted.

The plaintiff has been a business man for many years, and he is neither able nor fitted to do manual labor. There is credible testimony to support a finding that the mental strain and worry incident to business would aggravate his malady and endanger his life. To prolong his life it is necessary, so such testimony runs, that he be free from mental and physical strain, and so his physicians have advised him. If he obeys this injunction, and he ought not to be required to do otherwise, he is necessarily prevented from engaging in his usual occupation or from performing any work for which he is reasonably fitted.

In view of these conclusions plaintiff may have judgment for the relief demanded in the complaint. Proposed findings may be submitted within ten days from the receipt of this memorandum.