BETON M. KANEB *vs.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

Worcester. March 9, 1939. — November 27, 1939.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Insurance*, Disability.

No recovery could be had under an insurance policy providing for payments while the insured was so disabled by disease as to be prevented "from engaging in any occupation or performing any work for compensation" where he, suffering from Paget's disease, throughout a period of ten months in question worked and earned amounts small in comparison with his efforts but not inconsiderable, though by so working he "risked his health and his life."

CONTRACT. Writ in the Superior Court dated June 9, 1936.

The action was heard by *Burns,* J.

*J. J. Moynihan,* for the plaintiff.

*J. E. Peakes,* (*L. Kaplan* with him,) for the defendant.

FIELD, C.J. This is an action of contract brought in the Superior Court by the assignee of a policy of life insurance issued by the defendant upon the life of James H. Fontaine to recover monthly disability payments for a period of ten months immediately prior to the date of the writ, June 9, 1936. The case was heard by a judge sitting without a jury upon an auditor's report and other evidence. There was a finding for the defendant. Exceptions by the plaintiff to the failure of the judge to make certain rulings requested by him bring the case here.

The policy provided for disability payments if the insured should become "totally and permanently disabled by bodily injury or disease after this policy became effective." The policy provided also: "Disability shall be deemed to be total when it is of such an extent that the insured is prevented thereby from engaging in any occupation or performing any work for compensation of financial value, and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months . . . ." See G. L. (Ter. Ed.) c. 175, § 24. There was a further provision that no disability payments should be made "if it appears at any time that the insured has become able to engage in any occupation or perform any work for compensation of financial value."

While the bill of exceptions is not wholly clear on the point, the recital therein, that "the auditor found that if the insured . . . was upon the facts hereinbefore related, totally and permanently disabled within the legal meaning of the policy, during the ten months from August 10, 1935, to May 10, 1936 [*sic*]," the plaintiff was entitled to recover a certain sum of money, indicates that the facts previously recited in the bill of exceptions relating to the disability of the insured were facts found by the auditor, and that there was no other evidence before the judge tending to

contradict the facts so found.  On these facts a finding for the plaintiff was not warranted.  Consequently it is unnecessary to consider the correctness of the rulings requested by the plaintiff, for, though the failure of the judge to deal with the plaintiff's requests for rulings was equivalent to a refusal of them, the plaintiff was not harmed by such refusal.

Material facts include the following: The insured has suffered from Paget's disease since 1926; that disease ordinarily is slowly and steadily progressive, making the bones spongy and brittle, affecting the marrow, and interfering with the making of the blood.  In 1926 the insured "became a little stooped in his posture.  This condition has continued slowly to become more pronounced up to the present time, when he walks in a markedly bent-over position and with pain."  He suffered fractures of bones in August, 1932, in October, 1932, in 1933, in November, 1934, in October, 1935, and in December, 1936.  From October, 1932, until apparently July, 1935, he did no work.  Disability payments were made to him under the policy from February, 1933, until July 10, 1935.  On July 25, he notified the defendant that he was "going to try to work," and said that he understood that this notice removed him for the time being from the disability list.  He received no more disability payments.

In August, 1935, the insured tried selling automobiles, but earned nothing.  He tried selling "punch-boards" — a kind of game of chance — in the spring of 1936, and earned $160.  Later in the year 1936 he sold tear-gas bombs, and made a profit of $510.  "In his work of selling this merchandise he travelled considerable distances, driving the family automobile, and making numerous calls upon prospective customers, soliciting and taking orders and making collections."  In the autumn of 1936 he earned $125 as an organizer of and a speaker at political rallies.  His net earnings in 1936 were $616.  During that year he drove an automobile thirteen thousand miles.  Except for about a month he was as capable of earning in 1935 as in 1936, if he could have found something remunerative to do.

The auditor found that the insured "has at least since July, 1935, risked his health and his life by undertaking the forms of employment in which he was engaged, and that during that period he could not have engaged in any form of remunerative occupation practically open to him without endangering his health and his life. This danger to his health and his life consists in the liability to the breaking of his bones and the liability to the consequences of such breaking, including the danger of infection."

The question was, whether the insured, during the period covered by the declaration, was "totally . . . disabled" to "such an extent that . . . [he was] prevented thereby from engaging in any occupation or performing any work for compensation of financial value." Such language does not require "complete physical or mental incapacity of the insured." "It is sufficient that his disability is such that it prevents him from performing remunerative work of a substantial and not merely trifling character." *Adamaitis* v. *Metropolitan Life Ins. Co.* 295 Mass. 215, 219. In *Boss* v. *Travelers Ins. Co.* 296 Mass. 18, 23, it is said, "'Engaging in' an 'occupation or employment for wage or profit' imports a continuing earning capacity upon which one can rely to a substantial degree for a livelihood." In *Rezendes* v. *Prudential Ins. Co.* 285 Mass. 505, 513, it was said that, under a substantially similar policy, the insured was "entitled to disability benefits if his condition in fact is such that he is unable to work without running the risk of increasing his disability or of shortening his life." This statement was made with respect to an insured who was not in fact performing remunerative work of a substantial character. See also *Rosemont* v. *Equitable Life Assurance Society*, 301 Mass. 139; *Trucken* v. *Metropolitan Life Ins. Co.* 303 Mass. 501, 505.

In the present case there was much more than an unsuccessful attempt of the insured to work or the sporadic performance by him of work trifling in nature and result. During the period covered by the declaration the insured was never "prevented" in fact from "engaging in any occupation or performing any work for compensation of

financial value." On the contrary he spent substantially all his time in working or in seeking work. It may be that his physical condition ought to have "prevented" him from working, but it did not do so. And the insured's earnings, though small in comparison with his efforts, were not trivial or inconsiderable. The fact that these earnings were small in amount does not appear to have been the result of his physical condition. While it may seem hard that the effort of the insured to earn a living should put him in a worse position with respect to the recovery of disability payments than he would have occupied had he valued his health above his independence, the contract must be taken as it reads. It contemplates that payments for total disability shall be made only when, by reason of such disability, the insured does not perform remunerative work of a substantial character. A finding for the defendant was required.

*Exceptions overruled.*