METROPOLITAN LIFE INSURANCE COMPANY v. GUINN.

4-5771 136 S. W. 2d 681

Opinion delivered February 12, 1940.

*Harry Cole Bates* and *Moore, Burrow & Chowning*, for appellant.

*T. N. Taylor* and *Joe D. Shepherd*, for appellee.

MEHAFFY, J. This suit was brought by the appellee, Waymon Guinn, against the Metropolitan Life Insurance Company, appellant, for the recovery of accumulated disability benefits, and also the commuted value of future benefits claimed under a $1,000 life insurance policy, because of alleged total and permanent disability of appellee, occurring while said policy was in force.

There was a trial, verdict and judgment in favor of appellee for $446.25 with 12 per cent. damages and $125 attorney's fee. The case is here on appeal.

Appellee alleged in his complaint that he was insured under a group industrial policy issued by the appellant, appellee being then in the employ of the Bernice Anthracite Coal Company of Russellville, Arkansas; that appellee held insurance certificate, serial·No. 3095 under the Metropolitan group policy No. 5006G, under which certificate and group policy appellee was insured against death, disease and bodily injury for the sum of $1,000, with monthly benefits payable to him under said policy at the rate of $26.25 per month for a period of 40 months in the event of total and permanent disability suffered while the policy was in force.

He then alleges that while the policy was in force he became disabled as the result of bodily injury while working as a coal miner for Bernice Anthracite Coal Company, and he has been continuously and will continue to be totally and permanently disabled from engaging in any occupation and performing any work for compensation or profit.

Proof of disability was made and demand for the payment of the disability installments, and said payments were refused by appellant. It was alleged that all premiums had been paid.

Appellant filed answer admitting the issuance of the policy and that all premiums thereon had been paid and that said policy was in full force and effect at the time

appellee was alleged to have suffered the injury complained of; admitted that the policy provided for payment for total and permanent disability benefits for 40 months in the amount of $26.25 per month, in the event appellee were to become totally and permanently disabled while the policy was in force prior to reaching the age of 60 years. Appellant denied that it had committed any breach of the contract or repudiated or renounced liability thereunder; denied that appellee was permanently and totally disabled so as to be entitled to enforce a claim for disability benefits.

Waymon Guinn, the appellee, testified that he lived in Fort Smith, Arkansas, and was engaged in coal mining for the Bernice Anthracite Coal Company, at Bernice, Arkansas, in 1935 as a regular employee, and had been working there off and on for the year prior to September 2, 1935; that he had never followed any other work and did not know how to do any kind of work except mine work; that he earned four or five dollars a day.

The certificate of insurance was introduced in evidence, and the certificate contained the following: "Under the terms of the group policy mentioned on page one of this certificate, any employee shall be considered totally and permanently disabled who furnished due proof to the company that, while insured thereunder and prior to his 60th birthday, he has become so disabled, as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation and performing any work for compensation or profit."

The certificate further provided that three months after receipt of such proof, the Metropolitan Life Insurance Company will commence to pay to such employee, equal monthly installments. On policies of $1,000 appellant would pay 40 installments of $26.25 each, such installment payments to be made only during the continuance of such disability.

Appellee further testified that he became disabled while working for the coal company in the mine; he

injured his leg one day and went home and it became
stiff, and lingered four or five months, suffering severe
pain. He then described his injury, and said the doctor
kept his knee in a cast about three weeks; he suffered
three months and was unable to work; since that time
he has been able to work a little, not much; makes $7.50
a week and gets two meals per day at the work which
he is now doing and works seven days a week; he cannot
now dig coal or work in a coal mine or do any other work
that requires lifting heavy objects or strain; cannot
go up and down stairway without pain or stand on his
leg any length of time without severe pain; has had to
stop working because of pain four or five times in the
last two years; has never tried to get another job or
any other kind of work than what he is doing now,
which is the only kind of work he can do; he was 21 years
of age on December 16, 1938; lives with his parents;
went to work for Mr. Mosley at Phil's Luncheonette
early in 1937 and has worked continuously since that
time except three or four times when he was off for two
or three days at a time; he works as porter, cook and
delivery boy at Phil's Luncheonette; sometimes helps
wash dishes, in fact nearly every day; delivers sand-
wiches and drinks to customers in the neighborhood; is
porter and handy-man; making deliveries around in the
Kennedy building, court house, etc.; court house is half
a block away from the Kennedy building; Phil's Lunch-
eonette is in the Kennedy building; goes to work about
six o'clock in the morning and gets off at 3:30 in the
afternoon. Appellee further testified that when he first
went to work for Mr. Mosley he was paid $4.50 a week;
later he was paid $6.50 a week and then he was raised
to $7.50, which he is now earning; persons of his type
doing such work, if able-bodied, get $12 a week.

The undisputed evidence shows that appellee was
severely injured and that his injury is permanent. The
question here, however, is whether his disability is
total. The policy provides for the payment of disability
installments in the event that the insured is prevented
permanently from engaging in any occupation and per-

forming any work for compensation or profit. It will be observed that under the terms of this policy, in order to recover, his disability must be such that he is prevented permanently from engaging in any occupation and performing any work for compensation or profit.

This court said, in the case of *Industrial Mutual Indemnity Company* v. *Hawkins,* 94 Ark. 417, 127 S. W. 457: ''The right of the plaintiff to recover in this case depends upon the interpretation of the language of the contract describing the extent of the disability under which he must suffer from the injury, and what would constitute a total disability, within the meaning of the policy.''

In the construction of contracts, the object is to arrive at the intention of the parties, and we must get that intention from the contract itself. The contract in the instant case agrees to pay disability benefits only in case the insured is prevented permanently from engaging in any occupation or performing any work for compensation or profit. The appellee himself in this case says he works constantly. It is true that he cannot work at his former occupation, mining coal; but that is not the contract. The contract is that he must be unable to work at any occupation or perform any work for compensation.

We said in the case of *Lyle* v. *Reliance Life Ins. Co. of Pittsburgh, Penn.,* 197 Ark. 737, 124 S. W. 2d 958: ''The question is, was appellant wholly disabled? We do not find any evidence to show that he was. By his own admissions he continued to work, and he drew the same salary throughout the period of so-called disability. It is not in the record that his employers complained. On the contrary, appellant 'had an idea' they were satisfied with his services.''

In the case of *Aetna Life Ins. Co.* v. *Person,* 188 Ark. 864, 67 S. W. 2d 1007, this court said: ''To be thus totally and permanently disabled, the inability to perform any necessary act of the work is not required; the contingency contemplated is that, where the condition

renders the insured unable to perform all of the essential acts of any calling, for which otherwise he might be fitted, in the usual and customary manner, then he is totally and permanently disabled within the meaning of the insurance contract.''

It is true that appellee is not able to do the kind of work he did before his injury; he cannot work in the mine; but the undisputed proof shows that he is constantly employed at a luncheonette and that he receives a salary of $7.50 a week. It, therefore, cannot be said that he is totally and permanently disabled and prevented from performing any work for compensation. Some witnesses testified that he is totally disabled, and he probably is totally disabled from performing the kind of work he did before his injury, but the contract in this case requires that he be prevented from doing any work for compensation. The appellee is a colored boy 21 years old, and his wages have been increased at the luncheonette from $4.50 to $7.50 per week. It would be impossible to construe the contract in this case to mean that he was totally disabled because he could not work in the mine.

It has been repeatedly said that the courts cannot make contracts for parties, but they can only construe the contracts made by the parties. This court has many times construed insurance contracts for permanent and total disabilities. Among the cases discussing this question are the following: *Missouri State Life Ins. Co.* v. *Johnson,* 186 Ark. 519, 54 S. W. 2d 407; *Mo. State Life Ins. Co.* v. *Holt,* 186 Ark. 672, 55 S. W. 2d 788; *Ætna Life Ins. Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. 2d 310; *Aetna Life Ins. Co.* v. *Phifer,* 160 Ark. 98, 254 S. W. 335; *Industrial Mutual Indemnity Co.* v. *Hawkins, supra; Mo. State Life Ins. Co.* v. *Snow,* 185 Ark. 335, 47 S. W. 2d 600; *Mutual Benefit, etc. Ass'n* v. *Bird,* 185 Ark. 445, 47 S. W. 2d 812; *Travelers' Protective Ass'n* v. *Stevens,* 185 Ark. 660, 49 S. W. 2d 364; *Mutual Life Ins. Co.* v. *Marsh,* 186 Ark. 861, 56 S. W. 2d 433.

This contract must be construed most strongly against the insurance company that prepared it, and if

a reasonable construction could be placed on the contract that would justify a recovery, it would be the duty of the court to so construe it. But the court cannot make a new or different contract. The evidence shows that the appellee is an industrious and capable boy, better than the average colored boy, but according to his own testimony, he is not totally disabled.

The judgment of the circuit court is reversed and the cause is dismissed.