ESTES, A. P. J. (Briggs, J. and Rollins, J.)
— In this action the plaintiff seeks to recover under a policy of insurance that provided for payments if the insured became permanently and totally disabled by any impairment of mind or body which con* tinuously renders it impossible for him to follow a gainful occupation.
The Court made written findings of fact.
There was evidence that an examination of the patient at the hospital in July, 1939, revealed no evidence of active disease. The pulse was running higher than normal.
The main issue in this case is whether or not the Court could justifiably find that the plaintiff “cannot and will not be able to perform remunerative work of a substantial kind or amount which will afford him a means of livelihood." The Court found *151 that the Plaintiff formerly conducted a grocery etoré, “and that he could sell light merchandise over the counter in a grocery store." He also found that “the plaintiff will always have to be careful not to overwork or overexert himself at the risk of bringing on or precipitating tuberculosis.”
Whether or not these findings are consistent is the principal point in the case.. The requests of the Defendant raise the question. The Court gave the third request as a good statement of law. He also gave the fifth. He refused the second, fourth and ninth as not based on facts found. The Plaintiff’s first and second requests, given by the Court, were for findings of fácts, and he found the facts upon which the Plaintiff’s third request was based.
Having found that the Plaintiff can do light work, and can sell light merchandise in a grocery store, although he will have to be careful not to overwork, was the Court justified in finding that he “cannot and will not be able to perform remunerative work of a substantial kind or amount which will afford him a means of livelihood?”
Admittedly, and the Court so found, there is no active tuberculosis, the disease on which the Plaintiff based his claim for total and permanent disability. There was evidence on which the Court could base the finding that, if the Plaintiff “does any considerable walking, he becomes tired and has to sit dr lie down; and it may be assumed that the finding that he will need to be careful was justified. But from that, which appears to be the only evidence on which to base the findings, can it be concluded that the Plaintiff cannot and will not be able to perform remunerative work. . . . ?”
' When the case of Rezendes v. Prudential Insurance Company, 285 Mass. 505 _was decided, there were very few decisions in this Commonwealth to assist in determining the interpreta' tian of insurance policies like the one here in question. Outside cases were in conflict. Since the Revendes case, a line of deci' sions have been handed down by our Supreme Judicial Court which greatly clarify the law.
In the Rezendes case, the Court held that one suffering from an ailment of such a nature that any exertion might tend to aggravate it or cause death, was permanently and totally dis' aided. In the case of Adamaitis v. Metropolitan Life Insurance Company, 295 Mass. 215, .although the Plaintiff had suffered the loss of one eye, the practical loss of the other and of both arms, ‘but could still do some work around a farm, it was a question of fact. But the dissenting opinion went even farther.
We are of the opinion that this case is controlled by Azevedo Mutual Life Insurance Company, 308 Mass. 216, and the cases cited on page 220. See Kaneb v. Equitable Life Assurance Society, 304 Mass. 309. See also Hovhanesian v. New York Life Insurance Company, Mass. Adv. Sh. (1942) 123: 28 B. T. L. 134.
*152 It seems to us that it is common knowledge and experience that one in the condition in which this plaintiff was found to be by the trial Court, and considering his former occupation, is not rendered “wholly and continuously incapable of performing remunerative work of a substantial and not merely trifling character,” nor is he prevented from pursuing to a substantial degree any gainful occupation as a means of livelihood. Neither in the findings of the Court nor the narrative evidence do we find testimony that seems to us to justify the conclusions reached by the trial Court.
We think the denial of the Defendant’s second fourth and ninth requests, and the allowance of the Plaintiff’s first and second requests were error.
Having reached this result, we think there is nothing to be gained by a discussion of the other points argued by the Defendant. No others are argued by the Plaintiff.
The finding is reversed and finding for the Defendant ordered.
Ed. Note: In the companion case of Arabasz v. Metropolitan Life Insurance Co. based on the same facts the court likewise found for the defendant. Attorneys for the defendant Insurance Co. were Cook, Brownell, Taber & Sherman.