# UNITED EQUITABLE INSURANCE COMPANY *v.* MARTHA C. VIVION

5-4317                                                        419 S. W. 2d 597

Opinion delivered October 23, 1967

*Pope, Pratt, Shamburger, Buffalo & Ross,* for appellant.

*Arthur G. Frankel* and *Donald G. R. McDermott,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant seeks reversal of a judgment for $833.25, 12% penalty and attorney's fees on a claim under an insurance policy covering hospitalization resulting from accidental injury.

Appellee, a 79-year-old lady, was residing in the home of her sister after having been in a convalescent home until February 1, 1966. She took out the policy of insurance on May 4, 1965. On February 13, 1966 she suffered an injury as the result of a fall while walking

from her bedroom to the bathroom during the night. She was taken by ambulance to St. Vincent's Infirmary at the direction of Dr. Andrew A. Pringos because of severe pain in her lower back resulting from the fall.

She remained in the hospital under care and treatment by the doctor until March 10, 1966. She was bedridden while in the hospital. Physical therapy during her hospital stay was given to enable her to again employ a walker she had previously used because of an injury unrelated to this fall. Appellee's doctor testified that the precipitating cause of her hospitalization was her fall. In addition to a contusion of the back and loss of equilibrium, appellee suffered from shock and depression during her hospital stay.

The trial judge, sitting without a jury, found that the appellee's injury and hospital residence were the result of an accident under the terms of the policy and gave judgment for compensation for the full period.

The policy provides for payment of benefits "in the event of hospital residence occurring solely as the consequence of direct bodily injury resulting from any accident and independently of all other causes."

Appellant's basic contention is that the trial court erred in allowing recovery for the last five days of appellee's stay in the hospital. It asserts that this portion of her hospital residence was not solely the result of her fall. The testimony of all parties indicates that the primary reason for her being kept in the hospital for this period was the unavailability of a room or bed in a convalescent or nursing home.

Appellant has cited no authority for its contention that the court's findings are contrary to the law and evidence. We have been unable to find any decision covering a similar situation. There can be no doubt, under the undisputed facts, that the incidence of the hospital

residence was the consequence of direct bodily injury resulting from accident and independent of all other causes.

If the pertinent policy clause can be said to be ambiguous, we must construe it to justify a recovery if a reasonable construction will do so: *Travelers' Protective Association of America* v. *Stephens,* 185 Ark. 660, 49 S. W. 2d 364; *Metropolitan Life Ins. Co.* v. *Guinn,* 199 Ark. 994, 136 S. W. 2d 681; *Life & Casualty Ins. Co. of Tennessee* v. *Kinney,* 206 Ark. 804, 177 S. W. 2d 768.

An obvious inference to be drawn from the testimony is that the residual consequences of appellee's injuries required care and treatment unavailable in her home, but available in a nursing home. While appellant is not responsible for the want of nursing home accommodations, continued residence in the hospital appears to have been the only alternative. This is sufficient to support the findings of the trial court that hospitalization for the last five days was accrued solely as a consequence of her accidental bodily injury.

Inasmuch as the allowance of attorney's fee and penalty hinges upon the correctness of the trial court's action on the amount of recovery on the policy, no question remains as to these items.

The judgment is affirmed and appellee is allowed an additional sum of $250.00 for attorney's fee.