## Prudential Insurance Company of America v. Grant.

(Decided November 20, 1928.)

### Appeal from Perry Circuit Court.

1. Insurance.—Under policy providing for payment of additional sum, if insured's death resulted directly and indepenently of all other causes from bodily injury effected solely through external, violent, and accidental means, insurer would be liable for death of insured from pneumonia caused solely by accident.

2. Insurance.—Whether pneumonia, from which insured died, was caused solely by accident, held for jury on conflicting evidence, in view of physician's testimony that traumatic pneumonia so closely following injury does not ordinarily result therefrom, and that he did not know whether injury caused pneumonia.

3. Evidence.—In action on life policy, providing for additional payment if death resulted directly and indepedently of all other causes from injury caused solely by accident, evidence of insured's statement, immediately after accident claimed to have caused pneumonia from which he died, was competent as part of res gestae.

MORGAN & EVERSOLE and SAMUEL B. BLITZ for appellant.

T. E. MOORE, JR., and J. A. SMITH for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

A few years ago the Louisville & Nashville Railroad Company took out group insurance on the life of its employees. Floyd Grant was one of them, and he received a policy providing for the payment of $2,000, in the event of his death, to his wife, Edith Grant, by the appellant. The policy further provided that his beneficiary should receive $1,000 additional if the death of the insured resulted directly and independently of all other causes of bodily injury effected solely through external, violent, and accidental means. Death by certain accidents was excepted, but the exceptions are not involved in this litigation.

Floyd Grant went on duty about 12 o'clock at night, and, within a few minutes thereafter, he fell from the top of a freight car into a hopper. His condition was discovered in a few minutes, and, with the assistance of those present, he was removed from the hopper and immediately sent to a hospital. A doctor saw him within less than 10 minutes after his arrival. He had an abrasion on his side, and the doctor was led to believe from the examination he made that Grant had received an in-

jury which had resulted in broken ribs. He was bandaged by the doctor, and soon thereafter his side became discolored, tending to show that it had been severely bruised. The doctor returned a few hours later and found that Grant was growing worse. He continued to grow worse until his death, which occurred about 44 hours after he received the injury. At the conclusion of the evidence the trial judge directed the jury to return a verdict for appellee for $1,000, the amount sued for. Appellant had previously paid the $2,000 provided for in the policy, and was resisting the payment of the $1,000 only. The main question before us is whether the case should have been submitted to the jury. The law governing such cases as this is well defined. Ætna Life Insurance Co. v. Bethel, 140 Ky. 609, 131 S. W. 523; Pack v. Prudential Casualty Co., 170 Ky. 47, 185 S. W. 496, L. R. A. 1916E, 952; Standard Accident Insurance Co. v. Strunk, 220 Ky. 256, 294 S. W. 1085; Fidelity & Casualty Co. v. Cooper, 137 Ky. 544, 126 S. W. 111; Pacific Mutual Life Insurance Co. v. Cash, 224 Ky. 292, 6 S. W. (2d) 239.

If the accident solely and independently of all other causes resulted in the death of Floyd Grant, the appellant should be held liable. If the accident solely and independently of all other causes resulted in pneumonia, and Grant died of pneumonia so caused, the appellant should be held liable. Grant died of pneumonia, so the only question is whether the pneumonia was caused solely and independently by the accident. If the evidence so shows, and there was no conflict in the evidence on this point, the court should have given the instruction directing the jury to return a verdict in favor of appellee; but if there was any conflict in the evidence on this point, the question as to whether pneumonia was so caused by the accident should have been submitted to the jury under proper instructions. Dr. Combs testified that Floyd Grant had a cold and was coughing when he first saw him after the accident, and that he was suffering from a shortness of breath. When he saw him a few hours later his condition had grown worse, and the doctor thought that pneumonia was impending. He also testified that ordinarily traumatic pneumonia was not the result of an injury when it occurred so closely following the injury as pneumonia followed this case. He stated that he did not know whether the injury was the cause

of pneumonia. There was at least some evidence that pneumonia may not have been caused, directly and independently of all other causes, by the accident.

The evidence of statements made by Grant immediately after the accident was competent as a part of the res gestæ. Fidelity & Casualty Co. v. Cooper, supra.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.