## Equitable Life Ins. Co. of Iowa v. Hauser.

(Decided June 22, 1937.)

DOLLE, O'DONNELL & CASH for appellant.

MARTIN J. BROWN for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

The appellant, Equitable Life Insurance Company of Iowa, issued to the appellee, Frank C. Hauser, a policy on his life, payable at his death to Lillian W. Hauser, his wife, if the policy was in force, in the sum of $5,000. The policy contained a disability provision as follows:

"Whenever the company shall receive due proof during the continuance of this policy and before default in the payment of premium that the insured has become totally disabled by bodily injury or disease, after the delivery of this policy and before its anniversary nearest the insured's sixty-fifth birthday, so that he will thereby be permanently, wholly and continuously prevented from engaging in any occupation whatsoever for remuneration or profit and that said disability has then existed for not less than sixty days, the company will thereupon:

"(a) On each anniversary during the continuance of such disability, commencing with the anniversary of the policy next succeeding the receipt of such proof, waive payment of the premium for the ensuing policy years.

"(b) Pay to the insured with the written consent of the assignee, if any, a sum equal to $10.00 for each $1,000.00 of the original amount of insurance under this policy as shown on the first page hereof, and a like amount each month thereafter until the maturity or surrender or expiration of this policy."

On the 7th day of April, 1936, Hauser filed this suit in the Kenton circuit court, seeking to recover under the above-inserted clause of said policy compensation for being totally, wholly, continuously, and permanently disabled on account of disease within the meaning of the provisions of the policy referred to, for the months of May, June, July, August, September, October, November, and December, of the year 1935, being eight months, at the rate of $50 per month, amounting in the aggregate to the sum of $400. Appellant denied the allegations of the petition. A trial was had on that issue resulting in a verdict of the jury for the full amount sued for, to wit, $400. On that verdict the court rendered judgment for $400. Appellant comes now and moves this court to grant it an appeal as provided by section 950-3, Kentucky Statutes. Appellant filed its motion and grounds for a new trial, setting up numerous grounds, among them that the court erred in refusing to give a peremptory instruction at the conclusion of the testimony of the appellee. If on the whole case we are of the opinion that the ruling was error, it will be unnecessary to discuss any other

alleged ground relied upon for a new trial, because such errors may not occur again if another trial is had. If under the proof the plaintiff was not totally, wholly, continuously, and permanently disabled by disease during said months, then he could not, and in fact should not, recover, because there would be no violation of that clause of the policy in refusing to pay said sum of $50 per month or any part of it. In order for the appellee to recover, the disability complained of must rise to the degree of being total, continuous, and wholly permanent. Anything less than that would not authorize the recovery. We have a number of times decided that total and permanent disability does not mean utter helplessness or absolute dependency or to be without hope of regaining his health, or of improvement. Davis v. New England Mut. Life Insurance Company of Boston, Massachusetts, 263 Ky. 568, 92 S. W. (2d) 822, 825; Mutual Life Insurance Company of New York v. Dause, 256 Ky. 448, 76 S. W. (2d) 233, 236; Consolidation Coal Company v. Crislip et al., 217 Ky. 371, 289 S. W. 270; Aetna Life Insurance Company v. Daniel, 251 Ky. 760, 65 S. W. (2d) 1025; Travelers' Insurance Company v. Turner, 239 Ky. 191, 39 S. W. (2d) 216.

However, in the instant case we find the appellee working in his business for parts of the days, selling cigars, cigarettes, and coca colas when in his store; at times, buying and selling standard articles, selling medicine and other articles, and at times opening and cleaning up his store in the mornings, sometimes remaining in his store until 12 o'clock at night, and driving his own automobile to the city of Cincinnati. The proof shows that he did many things in the management of his business in running two drug stores; in fact did nearly everything necessary to be done except he did not fill prescriptions, although he did relay them after they were written. Sometimes he would order supplies for his store, and attend directors' meetings of the Mutual Fire Insurance Company, of which he was one of the stockholders. In fact, he stated directly in answer to a question propounded to him that he was able to work and had been able for some time; when he worked it was not done merely for relaxation. It is conceded that his affliction is what is known as bronchial asthma, and probably some sinus trouble. This trouble is necessarily very annoying and unpleasant, very painful at

times, requiring the use of drugs to relieve to a degree the effects, both physical and mental. At times, the effect of the disease produced on him complete exhaustion and caused excessive coughing and much expectoration of mucus and phlegm. However, this condition did not continue all the time. It is in evidence that his brother, Dr. S. F. Hauser, stated that his affliction was bronchial asthma and some sinus trouble, and that affliction caused him to be totally disabled about all the time. However, the plaintiff, himself, contradicted that statement by admitting that he was not totally, wholly and continuously and permanently disabled. The most that can be said from the entire record is that the plaintiff's affliction and disease during the months alleged in his petition was only partial.

In the Dause Case, supra, we said:

"Contrary to the opinions and conclusion of the doctors, we have Dause's testimony in which he admits that he did work from 1926 to 1929, earning a livelihood for himself and family. It is not shown that he was confined to his bed or room or had any medical treatment other than a casual examination by the doctors. He was active and working all this time. It may be true, however, that Dause had not completely recovered from his tubercular condition, but his own testimony discloses that his disability, if any, at the most was only partial. It must be remembered that under the disability clause of his policy he was entitled this compensation only in case of total disability. In our view, there is no evidence conducing to show that he was totally disabled from performing any work even as a farmer. Conceding, without deciding, that his work during the interval from 1924 to 1932 was light work, and perhaps lighter than that of farming, yet it is common knowledge that a man who is able to perform the work which he did, and active as he was, not totally disabled as a farmer or otherwise, within the meaning of the policy."

In the Davis Case we dealt with a similar clause of the policy as the one at hand. Davis was afflicted with a disease that disabled him very much. We said:

"This court is committed to a liberal construction of policies such as that in evidence, liberality toward insured, but beyond certain limits we are un-

willing to go. We must not do violence to clear and explicit language to fix or increase liability by construction when it does not exist by a fair interpretation of the contract. * * * It is not disputed that appellee's injury is painful, serious, and permanent. Our inquiry is addressed to the effect it has upon his ability to perform his customary duties. That he cannot perform them as well or with the same celerity as formerly goes without saying. He will necessarily suffer inconvenience. A rearrangement of his daily schedule may be deemed advisable."

We must at all times keep in mind the issue raised by the pleadings, which involved only the question as to whether the bronchial asthma and sinus trouble produced total, whole, continuous, and permanent disability. There is quite a difference between total and permanent disability. Total disability is defined to mean being unable to do the things which constitute all of his occupation or business. Doyle v. New Jersey Fidelity & Plate Glass Insurance Company, 168 Ky. 789, 182 S. W. 944, Ann. Cas. 1917D, 851; Equitable Life Assurance Society of United States v. Powers, 254 Ky. 770, 72 S. W. (2d) 469.

Permanent disability means continuing and lasting; that is, without termination. Prudential Insurance Company of America v. Bond, 261 Ky. 808, 88 S. W. (2d) 988.

Applying these rules to the proof we are unable to reach the conclusion that the disability complained of measured up to the terms of the policy.

Therefore, appellant's motion for an appeal is granted and we are of the opinion an error was committed by the trial court in overruling the motion of defendant for a peremptory instruction.

The case is reversed, with direction for further proceedings consistent with this opinion.