## Equitable Life Assur. Soc. of United States v. McDonald.

### Dec. 13, 1939.

Bruce & Bullitt and Eugene B. Cochran for appellant.

Lawrence F. Speckman for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

While Terry McDonald was employed by the Standard Oil Company, in Louisville, he was insured against loss of life and physical disability by a group policy issued by the appellant. He had two certificates, one for $1,000 (increased by term of service to $1,200), the premiums of which were paid by the employer, and another for $2,000, the premiums of which he partly paid. Alleging that he had become disabled to such extent as entitled him to the benefits of the insurance, he filed suit on both certificates. He dismissed without prejudice that part of his suit seeking to recover on the $1,200 policy, but recovered judgment on the $2,000 certificate, which was affirmed. Equitable Life Assurance Society v. McDonald, 261 Ky. 148, 87 S. W. (2d) 123. We held that an independent suit on the $1,200 policy could be maintained. McDonald v. Equitable Life Assurance Society, 269 Ky. 549, 108 S. W. (2d) 184. The trial of the action on it resulted in a judgment for the plaintiff and the defendant prosecutes this appeal.

The evidence in this case as to the insured's disability up to the date of the trial on the $2,000 certificate is substantially the same. It is, in short, that McDonald had contracted pulmonary tuberculosis in the early part of 1931, quit work in August, 1931, and went to a sanatorium for a year. When he quit work he was and had been for sometime driving a large gasoline tank truck. At the time of the trial of the first suit, in May, 1934, the treatment of his disease had produced what was called an "arrested condition," which, however, constituted "a permanent and total disability" within the terms of the certificate of insurance sued on, as the jury found. There is no need to review the evidence in this case up to that time since it is done in the first opinion. Subsequently, in March, 1935, McDonald opened up an automobile service station near his home and had operated it continuously up to December, 1937, when the trial of this suit took place. He had four boys employed at the station working in two shifts. McDonald spent a good deal of time during the day at his station supervising its operation and handling the purchases and

finances. Now and then he would lend a hand to serve a customer with gasoline and oil but had not undertaken to do any work requiring exertion. His testimony is that he felt "pretty well" most of the time during those three years, but that he got tired easily, having a "dragging feeling" which required him to rest frequently. It had been his habit to lie down two hours every afternoon. According to all of the doctors, the work McDonald was doing was not harmful but perhaps helpful since it kept his mind employed. They are agreed that he could not do any heavy manual work. Dr. Miller, who had been in charge of the tuberculosis clinic and treated McDonald, testified that because he had been taking good care of himself he had had a phenomenal healing, but there is yet a trace of the disease and that "It is very very necessary for this man to remain under strict observation and to carry out the routine that we have prescribed for him." The doctor testified "he must still live within his limitations and get his rest period every day." His condition had reached the point where it was questionable whether he would improve more. He expressed the opinion that McDonald will always have evidence of tuberculosis in the left lung. The doctor testified: "His lesion looks as if it is fairly stabilized with this one exception; underneath the first rib on the left side, and we think that is unstabilized." And further, that "he needs a sheltered environment and his activities are definitely curtailed."

The appellant took some motion pictures of the appellee at work around his filling station one afternoon in November, 1937. These were displayed before the jury and reproduced before this court—the first time in its history that a record of evidence has been supplied in this method. The pictures showed the insured very active in servicing cars. He was also photographed raking some gravel about the station. Much emphasis is laid by the appellant upon this visible evidence. However, it is shown that the pictures covered only about 7½ minutes of activity, from two o'clock in the afternoon until dark. The unusual speed with which the man and others moved about on the screen left the impression that the demonstration was not a fair representation of normal and actual movement. Further emphasis is placed upon the fact that at the time of the trial McDonald was earning about $100 a month from the operation of his filling station, which was a little more than he had

earned driving the tank truck of the Standard Oil Company. It is apparent, however, that the earnings from his business are not the result of his physical labor, with the exception of the limited work we have described, but are the result of the investment and his management.

The contingency of liability in this policy or certificate of insurance is that the insured shall "become wholly disabled by bodily injuries or disease and will be wholly and presumably permanently prevented thereby for life from pursuing any and all gainful occupations." As has been frequently declared, we do not construe such conditions literally, but hold that the intent of the contracting parties was to insure against "such physical impairment as disabled the insured from performing all material acts in the discharge of the usual and customary duties connected with his occupation or employment." John Hancock Mutual Life Insurance Company v. Cave, 240 Ky. 56, 40 S. W. (2d) 1004, 70 A. L. R. 848. The policy sued on was issued with the understanding that such was the legal meaning of the clause. Prudential Insurance Company v. Harris, 254 Ky. 23, 70 S. W. (2d) 949.

Usually little difficulty is encountered in determining whether or not disability benefits are recoverable where the insured had a definite occupation or profession. Here the insured was employed as the driver of a large truck, although it appears that his duties incident to its loading and unloading involved no extraordinary physical exertion. While requiring a degree of skill to drive an automobile, the steady operation of a machine of this character requires considerable physical strength and endurance. To that extent the employment is analogous to that of a manual laborer. It is apparent that McDonald's disability is of such character as to prevent him from doing that kind of work. Certainly, it would be perilous to his health and life, and a person in his condition, in the exercise of ordinary prudence, would not be willing to return to that job or any other approximately of the same class. Cf. National Life & Accident Insurance Company v. O'Brien's Ex'x, 155 Ky. 498, 159 S. W. 1134.

The case is like Prudential Insurance Company of America v. Johnson, 265 Ky. 767, 97 S. W. (2d) 793, where the insured ran a store, sawed lumber and worked on a farm. He contracted tuberculosis. He owned the farm and had been able to do a little work about it with-

out endangering his health or life. The fact that he did this light work and looked after his mill was held not conclusive on the issue of permanent and total disability. We held the question was one for the jury, though reversed the judgment because of erroneous instructions. In principle the case is also like Prudential Life Insurance Company v. Harris, supra, where the insured, because of an intestinal disorder, had been unable to work at his regular job of locomotive steam pipe fitter or to do manual labor of the kind he had been doing; also Ætna Life Insurance Company v. Staggs, 255 Ky. 638, 72 S. W. (2d) 214, where a coal miner, suffering from hernia, was not able to perform any heavy labor though he could do light work about the mine. These are but typical of other cases of this kind in which the same conclusion has been announced. It is the general rule that the ability to work in other occupations of a dissimilar nature does not absolve the insurer from liability under similar contracts. Fidelity & Casualty Company v. Bynum, 221 Ky. 450, 298 S. W. 1080; Henderson v. Continental Casualty Company, 239 Ky. 93, 39 S. W. (2d) 209; Benefit Association of Railway Employees v. Secrest, 239 Ky. 400, 39 S. W. (2d) 682; Mutual Life Insurance Company v. Beckmann, 261 Ky. 286, 87 S. W. (2d) 602. Therefore, it is clear that the evidence in this case tending to establish the degree and character of disability provided for in the policy was sufficient to sustain the verdict insofar as this consideration goes.

The question arises what effect must be given the fact that the insured at the time of the trial was earning a little more than he had earned in his occupation of driving a gasoline tank truck. The cases relied upon by the appellant in support of its argument that a verdict in its favor should have been directed and that the verdict against it is flagrantly against the evidence are distinguishable. In Ætna Life Insurance Company v. McCullagh, 191 Ky. 226, 229 S. W. 1033, a secretary, though disabled, could and did continue to perform his duties as such, but with inconvenience. In Mutual Life Insurance Company v. Dause, 256 Ky. 448, 76 S. W. (2d) 233, a farmer had become disabled from tuberculosis but had recovered to what the doctors called an "arrested condition" (the same as McDonald's condition is described), and had worked for several years regularly at wages aggregating much more than he had ever been able to earn in the operation of his farm. In April,

1924, the insured acquiesced in the cessation of the payment of benefits. Two years thereafter he applied for reinstatement of his policy and stated in his application that he had fully recovered. In September, 1932, eight and one-half years after the disability payments had been stopped, Dause filed suit in the federal court to recover on the policy, alleging that he had been totally and permanently disabled since 1924. The case was dismissed without prejudice and another one filed in the state court. We held the facts did not sustain the verdict for the plaintiff, based upon medical opinion that the insured had been totally disabled during all those years. In each of the cases of Davis v. New England Mutual Life Insurance Company, 263 Ky. 568, 92 S. W. (2d) 822, and Equitable Life Insurance Company v. Hauser, 269 Ky. 374, 107 S. W. (2d) 282, the insured was a merchant and, while handicapped by reason of disease, had continued to operate his business and to do substantially all the things he had theretofore done. Again, we held that the demonstrated facts overcame the medical opinion of total disability and thereby prevented recovery on the policies. In the instant case the facts and medical opinions are in the main harmonious. McDonald's income is from his business in which he was not engaged when he was insured as the driver of a truck or manual laborer. In part, his investment works for him. The fact that he is able to supervise his business and thereby earn a livelihood in this manner does not preclude recovery of benefits of his policy because of his inability to do the kind of work he was doing when he was insured. Cf. Pacific Mutual Life Insurance Company v. Arnold, 262 Ky. 267, 90 S. W. (2d) 44, 45.

Wherefore, the judgment is affirmed.