## CROOK v. PRUDENTIAL INS. CO. OF AMERICA.

### No. 9475.

Circuit Court of Appeals, Sixth Circuit.

Dec. 8, 1943.

**336**

See, also, D.C., 34 F.Supp. 239.

Charles C. Grassham and Thomas S. Waller, both of Paducah, Ky., for appellant.

James G. Wheeler, of Paducah, Ky., for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

This appeal arises out of an action praying for disability benefits under a life insurance policy. The clause involved provided in substance that if the appellant should become totally and permanently disabled before he was sixty years of age the company would pay him $100 per month so long as his disability lasted, and would waive the payment of any premiums during such disability. Appellant claims that he has been totally and permanently disabled since May, 1931, and seeks to recover for disability benefits in the amount of $11,-873.75 and premiums paid to the amount of $7,055.12. The case was tried to the court, which denied recovery upon the ground, among others, that appellant was not totally and permanently disabled during the period claimed.

The appellant is president, general manager and chief stockholder of a corporation which owns some eight fluor spar mines in the vicinity of Crider, Kentucky. During the depression year of 1930, mining was substantially suspended and the company engaged in selling fluor spar already mined. Since that time the principal operation has been carried on by others under contract, payments being made to the corporation on a royalty basis.

In September, 1930, subsequent to the execution and delivery of the insurance policy involved herein, appellant was seriously injured in an automobile accident. A vertebra was cracked, three ribs were broken, the right shoulder was dislocated, and the abdominal wall was badly ruptured. For six months appellant wore a plaster cast on his back, and for nine months he was confined to his bed and the house. He is now compelled to wear a brace for a six-inch abdominal rupture, cannot drive his car, and could not, if required, climb into or out of the bucket which is used for descent into the shafts of the fluor spar mines. Appellant carries on his work as president and general manager of the corporation with the help of his wife, who is secretary-treasurer, and has handled his responsibilities sufficiently well so that no other officer has had to be employed.

Appellant contends, however, that under Kentucky law he is totally and per-

manently disabled within the meaning of the insurance contract. In Kentucky, while the phrase "totally and permanently disabled" as used in an insurance policy comprehends something more than impairment of health or partial disability, it does not mean utter helplessness or absolute dependency. Equitable Life Ins. Co. of Iowa v. Hauser, 269 Ky. 374, 376, 107 S.W.2d 282. "Total and permanent disability," although not regarded as complete and continuing until death, imports continuance of the necessary degree of disability for an indefinite period of appreciable duration and not merely a transient or temporary incapacity. Prudential Ins. Co. of America v. Dismore, 261 Ky. 741, 743, 88 S.W.2d 924. Total disability means inability to transact any substantial, material or important part of one's business or to perform any substantial, material or important thing or duty customarily done in one's occupation. Columbia Casualty Co. v. McHargue, 246 Ky. 93, 95, 54 S.W.2d 617. In Kentucky, the ability to work in other occupations of a dissimilar nature does not absolve the insurer from liability under disability insurance contracts. Equitable Life Assur. Society of United States v. McDonald, 280 Ky. 825, 134 S.W.2d 953.

Since the accident appellant is not able actively to supervise the shooting of dynamite, timbering, loading of fluor spar, and various other operations connected with the extraction of the ore from the ore bodies, nor to perform manual labor. He is able to hire employees and direct others in the mining operations, but he plainly cannot perform all of the material, substantial and important acts which he formerly did in the active inspection and supervision of these mines. But appellant is able to work in an occupation similar to that in which he was formerly engaged (Equitable Life Assur. Society of United States v. McDonald, supra), although with some necessary adjustment. Moreover, he is not disabled from performing the substantial and material acts now necessary in the conduct of the corporation's business. The character of his occupation has materially changed with the change in operation of the mines. Active physical supervision no longer constitutes as necessary a part of appellant's duties as before, for the mining is done mainly by others under contract, and the principal supervision required is that of a business executive who has contracted with others to perform the work. This appellant is able to do.

Appellant himself made statements with reference to his condition which support the District Court's conclusion that appellant was not totally and permanently disabled within the period claimed. On July 6, 1931, appellant signed an application for disability benefits in which he declared that his disability partially ended May 1, 1931. The company then requested proof of disability, and August 14, 1931, appellant wrote a letter part of which follows: "I was totally disabled from Sept. 11th '30 until March 31, at which time I was only parcially [sic] disabled until July of this year. As stated it was not a medicine proposition but a matter of time to wear the brace and grow strong again. * * * Since July 15th of this year I have been giving full service to my affairs, so there is no further claim in this matter so far as the accident of Sept. 11-30."

Appellant's claim was approved by the company for the period from September 11, 1930, to March 30, 1931. The policy lapsed for non-payment of a premium which fell due July 18, 1931, and on December 2, 1931, appellant signed an application for reinstatement, which stated that he was at the time "in good health." The policy was reinstated, all premiums in arrears being paid, appellant thereafter paid each quarterly installment of the annual premiums as they became due under the policy, and no claim for disability benefits was made until May 30, 1936.

Appellant urges that the statements quoted carry no weight for the reason that he is not a lawyer and can express no opinion as to the legal meaning of the term "total and permanent disability"; that he is not a physician, hence can express no opinion as to the existence of a medical fact such as permanent and total disability. We think this contention has no merit. The existence of complete physical disability is a medical fact; but it is also a fact as to the existence of which the person who suffers the claimed disability is able to testify. Appellant could testify as to facts which indicate total and permanent disability, and also he could testify as to facts which rebut the existence of such disability. The sentence in appellant's letter of August 14, 1931, beginning "Since July 15th of this year I have been giving full service to my affairs" embodies statements of fact as to which no one could be better informed than appellant himself. It was highly relevant as to the issue presented,

338

and strongly supports the conclusion of the trial court.

The medical testimony also is conflicting. While certain physicians stated positively that in their opinion the appellant has been totally and permanently disabled from May, 1931, to the time of trial, the physician who first treated him after the accident wrote a statement in 1936 to the effect that the disability had not existed "during the past five years."

█ The finding of the District Court that appellant was not totally and permanently disabled during the period in question is supported by substantial evidence. This being the case, appellant was not entitled to disability benefits under the policy as claimed in the petition. Davis v. New England Mutual Life Ins. Co., 263 Ky. 568, 92 S.W.2d 822; Equitable Life Ins. Co. of Iowa v. Hauser, supra.

This conclusion makes it unnecessary to discuss the question of estoppel.

The judgment is affirmed.