## Continental Cas. Co. v. Johnson.

November 10, 1950.

Ervine Turner, Judge.

S. H. Rice for appellant.

J. Douglas Graham for appellee.

STANLEY, COMMISSIONER—Reversing.

This is an action by Ramah Johnson to recover an additional sum as indemnity for total disability under an accident insurance policy. The judgment was for $740, the amount claimed.

The two provisions of the policy having relation to the case are quoted:

"Part 'C' Total Disability Accident Indemnity. If injury shall not result in any of the specific losses described in part 'A.' but shall, while this policy is in force, wholly and continuously disable the insured for one day or more, the Company will pay indemnity at the rate of the regular monthly indemnity so long as the Insured lives and suffers said total loss of time.

"Part 'D' Partial Disability Accident Indemnity. If injury shall, while this Policy is in force, wholly and continuously disable the insured from performing one or more important duties of his occupation, the company will pay for the period of such partial loss of time, but not exceeding three consecutive months, indemnity at the rate of forty per cent of the regular monthly indemnity."

On the night of March 31, 1947, the insured broke both his legs in jumping to escape from a burning building. He was confined to a hospital for three months and then to the home of his brother for two months longer. Full payments were made by his insurer for hospital expenses and total disability for the period of five months up to September 1 at the rate of $50 a month. He also received $20 a month for partial disability in accordance with the provision of the policy above quoted (Part "D") for the following three months. The suit seeks to recover indemnity for total and continuous disability under the provision therefor above quoted (Part "C") from September 1, 1947 to January, 1949.

The insured was a teacher and a preacher. He wrote the company on August 16, 1947, that he needed to be earning some money and if advisable, purposed to begin work about the first of September. He inquired, "If I begin my full time work, I am aware that my claim stops, but if I should begin work and find that I am unable to continue and have to quit, can I renew my claim for disability? Will you please advise me on this question at your earliest convenience?"

On September 20 he wrote the company, "On the first of September I began performing my regular duties again. I did not know just what the result would be, but so far I have been able to continue.

"On Wednesday of this week (Sept. 17) I returned

to the hospital for a cast change and an X-ray. I will be obliged to wear a cast for a long period of time yet, and the X-ray reveals that there is still much infection in the bone and almost no union of the large bone.

"My doctor, Dr. Brown, to whom you have already been referred, says I may continue my work unless there are further developments to necessitate my discontinuing my work.

"Of course I can not walk yet—I can put no weight whatsoever on my right foot, but I dö hope it will not be necessary for me to discontinue my work. I need to be earning."

This letter fairly and quite fully describes his condition, which was only elaborated by the evidence. During this period and until January 1, 1949, the insured continued his work as a teacher and preacher but was greatly handicapped by reason of having his ankle in a brace or cast and by having to use crutches most of the time. He was unable to stand at the blackboard without pain, or to properly supervise the recreation of his pupils. In his calling as a minister of the gospel he was handicapped in his pastoral service and in his preaching, during which he had to rest his foot on a chair. Thus, it is shown that the insured was disabled from performing *all* of his occupational duties or obligations, though what he was not able to do was of relatively minor importance.

The policy is of the "non-occupational" or general type. For some time this court made no distinction in construing that character of accident or sickness insurance and the "occupational" type. See Prudential Insurance Co. of America v. Harris, 254 Ky. 23, 70 S.W.2d 949, 951. It was held the insured was entitled to the disability benefits of his policy if he showed physical inability to follow his usual occupation. In the Harris case, the condition of liability (in effect the same as the instant policy) was defined as, an "inability to do and perform in a reasonable and practical way all material acts in the pursuit of the occupation or employment of the insured, but do not mean absolutely helpless or entire physical disability." But in Mutual Life Ins. Co. v. Bryant, 296 Ky. 815, 177 S.W.2d 588, 592, 153 A.L.R. 422, the difference in the character of insurance or security against financial loss was recog-

nized and previous cases construing the "non-occupational" type of policies were overruled, limited, however, to a prospective effect. (The present policy was issued two years later.) We there declared: "In such contracts (nonoccupational) the insured should be required to show physical inability not only to follow his regular occupation but also any occupation for which he may be fitted by education, training and experience, which may yield a reasonably substantial gain or profit, rising to the dignity of an income or livelihood."

This was reaffirmed in Travelers Insurance Co. v. Williams, 303 Ky. 703, 198 S.W.2d 797, and Occidental Life Insurance Co. v. Harvey, 312 Ky. 661, 229 S.W.2d 466.

The condition of recovery in the present policy is simply "wholly and continuously disabled." There is no additional descriptive clause or effort to define the disability, such as in the policies involved in the Bryant and Williams cases. In its legal interpretation and application the conditional term will be regarded as relative, depending upon the character of occupation and the capabilities of the insured and upon the circumstances of the particular case. It will be liberally and not literally construed in favor of the insured so as to accomplish the objects and purposes of the contract. Mutual Life Insurance Co. v. Bryant, supra. Ordinarily, this is as the insured person supposed it would be construed or as seems to have been understood by him, having a reasonable and proper regard for the ordinary and usual meaning of the term. Forman v. Mutual Life Insurance Co., 173 Ky. 547, 191 S. W. 279; Equitable Life Assurance Society v. Adams, 259 Ky. 726, 83 S. W. 2d 461. The facts of the case at bar do not bring it within that liberal interpretation and coverage. The insured, as he frankly and fairly recognized in his two letters, was not "wholly disabled" even from pursuing his usual occupations. He was undoubtedly partially disabled, for he was hampered in such way by his physical condition resulting from the accident as to make his work more difficult and less efficient. He was not able to perform some of his duties, but the officials of his school and church testify that notwithstanding his disability his services were satisfactory during this period he now claims he was "wholly disabled." It did

not affect his earning capacity, or cause any loss of time, for he was paid his usual salaries.

Whatever may be the proper meaning of this policy provision under which full indemnity may be recovered where there is evidence that the insured was disabled from doing any and every kind of work, or substantially all the necessary and material things in any occupation he was fitted for and which required his own exertions in the customary and usual manner, there was no evidence of that character or degree of disability in the present case. See Great Northern Casualty Co. v. McCollough, 96 Ind. App. 506, 174 N. E. 103; Hasson v. Mutual Benefit Health & Accident Association, 309 Mich. 331, 15 N. W. 2d 659. Here there was no contradiction in the direct evidence, or any different inference therefrom that the insured was not "wholly and continuously disabled" either from performing his usual occupation or any other. He was, as we have said, partially disabled during the period and accepted the compensation provided therefor. The question, therefore, was one of law, and the court should have directed the jury to find for the defendant.

The judgment is reversed.