## New York Life Ins. Co. v. Saunders.

February 6, 1951.

R. L. Maddox, Judge.

Wm. Marshall Bullitt, Thomas W. Bullitt, Francis T. Goheen, and Bullitt, Dawson & Tarrant for appellant.

Patterson & Wilson for appellee.

JUDGE MILLIKEN—Reversing.

This is an appeal from the Bell Circuit Court where the insured, Julian L. Saunders, recovered a judgment for $100 a month for permanent and total disability from November, 1947, to the time of the verdict in April, 1949, together with future benefits of $100 a month until his disability disappeared, if it did. In its appeal the New York Life Insurance Company asserts that the court below erred on the instruction given and that a peremptory instruction should have been given in behalf of the insurance carrier.

In the policy total and permanent disability were defined as follows: "Disability shall be considered total whenever the insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, following any occupation, or from engaging in any business for remuneration or profit, provided such disability occurred after the insurance under this policy took effect and before the anniversary of the policy on which the insured's age at nearest birthday is sixty."

The policy was issued in 1929, and at that time the insured operated a retail grocery store in Pineville, Kentucky. His work as a groceryman and butcher involved considerable heavy lifting, but he continued at this employment until July, 1947, when the Kroger Grocery & Baking Company took a lease on the building where his store was located. Mr. Saunders testified that

he was not feeling well at the time that he gave up the grocery business in the summer of 1947. On November 2, 1947, he took his son to be examined by a doctor, and as an incident of the trip discovered that he himself had high blood pressure. In August, 1948, Mr. Saunders sued the New York Life Insurance Company for total and permanent disability benefits under the policy beginning as of November, 1947, and it is from the judgment rendered that this appeal is taken.

The testimony offered showed that Mr. Saunders had obtained a fourth interest in and had become president of the Rex Motor Company which is the Chevrolet garage and sales agency at Pineville. He had been in this business since 1937, and was in it at the time of the suit. In 1940 he expanded his automobile agency and founded an independent agency for the handling of Cadillac sales which did business under the name of J. L. Saunders Cadillac Company. Consequently, when his policy was issued Mr. Saunders was a retail grocer; but when his alleged total and permanent disability occurred he was, and for ten years had been, a garage executive and automobile salesman.

At the trial the New York Life Insurance Company requested the court to instruct the jury to find for it unless Mr. Saunders was totally and permanently disabled so that he was prevented from engaging in his occupation in the automobile business or in some occupation similar thereto. The court refused to give this instruction, but gave the following one:

"By the words 'totally and permanently disabled' as hereinafter used, is meant the inability to do and perform in a reasonable and practical way all material acts in pursuit of the occupation of the plaintiff as a retail grocer, but do not mean absolute helplessness or any physical disability. By the words 'presumably permanently disabled,' as hereinafter used, it is meant a reasonable expectation that such disability will continue indefinitely and is not a condition of utter hopelessness of recovery.

"Now, if the jury believe from the evidence that on or about November 2, 1947, the plaintiff, Julian L. Saunders, became totally and presumably permanently disabled as above defined, then the jury should find for

the plaintiff; and unless the jury so believe, it should find for the defendant."

The appellant's contentions are that Mr. Saunders' right to total disability benefits depend upon whether he is wholly disabled from following his continued occupation in the automobile business, and not upon whether he is disabled from his abandoned occupation in the grocery business, the occupation he had at the time the policy was issued. The insurance carrier also contends that it was entitled to a peremptory instruction because the evidence adduced revealed clearly that Mr. Saunders was able to perform the material acts of his occupation in the automobile business.

The evidence revealed that on November 2, 1947, Mr. Saunders' blood pressure reading was $\frac{206}{140}$, which is above the normal of $\frac{115-140}{80-90}$ for a man of his age, forty-eight years. Subsequent readings during the next year and a half showed no improvement in Mr. Saunders' blood pressure. An electrocardiogram taken in April, 1949, disclosed "moderate" damage to the heart muscles. The rest of the medical evidence is the opinion of various doctors as to just how much work or how little Mr. Saunders should do in the future. Unless there is strong corroboratory evidence, the medical evidence offered in behalf of the appellee is not strong enough to cause this court to sustain the submission of the case to the jury. Medical opinion cannot overcome the facts developed as to the activities of the insured. See Mutual Life Ins. Co. of New York v. Dause, 256 Ky. 448, 76 S. W. 2d 233; Davis v. New England Mut. Life Ins. Co., 263 Ky. 568, 92 S. W. 2d 822; Barrowman v. Prudential Insurance Co. of America, 266 Ky. 249, 98 S. W. 2d 912; Equitable Life Ins. Co. of Iowa v. Hauser, 269 Ky. 374, 107 S. W. 2d 282.

The evidence offered as to Mr. Saunders' activities from November 2, 1947, to April 22, 1949, the date of the trial, leaves no doubt that he was active in the automobile business either in an executive capacity, as salesman, or in both capacities. Businessmen, associates, and neighbors testified to his activities in the automobile business during the period of time in question. They

testified to seeing him going back and forth to his work, driving his automobile and doing other things which would be expected of a man in his vocation. From a financial standpoint, he did better in the automobile business that he had done in the grocery business.

The policy involved in this litigation is an ordinary nonoccupational life insurance policy which also provides disability benefits "whenever the insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit." The policy is explicit as to what disability it insures against; it defines "Total and Permanent Disability," and the definition is part of its contract with the insured. It insured against total and permanent disability as defined and not against partial disability. We, therefore, conclude on the basis of the evidence offered that the appellant was entitled to have the case withheld from the jury and its motion for a directed verdict in its favor sustained.

Because of our conclusion that the appellant was entitled to a peremptory instruction, we will not discuss fully the other reasons urged for reversal. Suffice it to say that the instructions should have been governed by the controlling occupation or occupations of the insured at the time his alleged disability began, and should not have been confined to his occupation at the time the policy was issued. Prudential Ins. Co. v. Raines, 1940, 281 Ky. 506, 136 S. W. 2d 792; Mutual Life Ins. Co. of N. Y. v. Bryant, 1943, 296 Ky. 815, 177 S. W. 2d 588, 153 A. L. R. 422; Penn Mutual Life Ins. Co. v. Schrader, 1942, 289 Ky. 469, 158 S. W. 2d 964.

Judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.