**UNITED INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Harold W. BROWN, Appellee.**

Court of Appeals of Kentucky.

June 14, 1968.

Rehearing Denied Nov. 1, 1968.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellant.

Damon A. Vaughn, Madisonville, Warren Baker Miller, Dixon, for appellee.

MILLIKEN, Judge.

The insured, Harold W. Brown, recovered a judgment for $7,200 for total disability and total loss of time under a health and accident insurance policy issued by the United Insurance Company of America, hereinafter referred to as United, and the question on this appeal is whether he was entitled to recover anything on that basis.

The insurance policy is a general or nonoccupational policy for which Brown paid an annual premium of $162. Besides the health benefits and benefits for specific injuries, the policy undertook to pay the insured for "loss of life * * * or time resulting directly and independently of all other causes from accidental bodily injury sustained while this policy is in force." The policy covered total disability benefits if the injury complained of "causes continuous total disability and continuous loss of time within twenty days from the date of the accident and requires regular and personal attendance by a licensed physician, surgeon, osteopath or chiropractor, other than the insured * * *".

Brown was approximately thirty-five years of age at the time of the injury he bases his claim upon, on August 27, 1962, when he hurt his back lifting wood on one of the farms he operated. He owns one farm and operated three others owned by his father, two of which were adjacent to his own while the other farm was about four miles away, making approximately 500 acres in all. In the summer of 1961 he had injured his back lifting and subsequently received benefit payments from United for temporary disability caused thereby. In a statement made to United he admitted that he had been treated for low pain in his back as early as 1959. After the recovery from his 1961 back injury he said that he was able to do the ordinary farm work until his back injury in August 1962, but since the 1962 injury he no longer was able to do it. He admitted that he occasionally ran his tractor after the 1962 injury, but had to give it up because the vibration caused him too much pain; he still could drive his automobile. He stripped tobacco for about a half-hour, but had to give that up too because of the pain.

We recite this background to show Brown's condition. However, it is clear that he is still able to supervise the work on the 500 acres under his operation at a labor cost ranging from $106 in 1961 to a maximum of $415 in 1963. In 1964 he expended $292, for labor, had a gross income of $16,108, with a net income of $6,720. He said he sold his 1963 bean crop in 1964 which increased his 1964 income. In 1963 he had a gross income of $8,260., but his net income was only $1,217 because of depreciation of farm equipment taken off in that year. His net income the year of his injury (1962) was $2,531 and in 1961, the year of his first injury, it was $2,192. He attributed his increase in income to two good crop years and the free help of his father. The data recited comes from his tax returns.

We think it is clear that Brown has some degree of disability from the condition of his back, but the question is, is he totally disabled within the meaning of his insurance policy? Has he suffered "continuous total disability and continuous loss of time" within the meaning of the policy? He cannot do the quantity of work he did before, and perhaps not the quality, but he has enjoyed an increase of income from the operation of the farms under his control, and obviously has not suffered a total loss of time from his work, for he both farmed and supervised farming before the injury complained of. Furthermore, it is conceded that all of his income comes from the operation of the farms under his control.

The facts we have summarized come from the insured's own testimony, and we conclude they clearly show that he is not totally disabled from performing much of the work he was fitted to do and had done. An allowance for partial disability was not sought and no instruction was given on that issue despite United's insistence that partial disability was all that the evidence disclosed, and its offer of an instruction on that issue. This case is the converse of Rudder v. Ohio State Life Insurance Company, Ky., 389 S.W.2d 448 (1965), where we reversed a judgment entered upon a jury verdict against the insured and directed the entry of a judgment in favor of the insured because the testimony there clearly established as a matter of law that the insured was totally disabled within the meaning of the policy. In Rudder we said, "In (non-occupational contracts) the insured should be required to show physical inability not only to follow his regular occupation but also any occupation for which he may be fitted by education, training and experience, which may yield a reasonably substantial gain or profit, rising to the dignity of an income or livelihood." In the case at bar the insured has failed to meet that requirement, either by his own testimony or the medical testimony offered in his behalf. Because the judgment must be reversed for the reasons indicated we find it unnecessary to discuss the innumerable other reasons urged for reversal.

The judgment is reversed with directions to enter judgment for the appellant.

WILLIAMS, C. J., and MONTGOMERY, HILL, STEINFELD and PALMORE, JJ., concur.