PENNSYLVANIA LIFE INS. CO., Appellant,

v.

Harold MATTINGLY, Appellee.

Court of Appeals of Kentucky.

Dec. 11, 1970.

As Modified on Denial of Rehearing April 2, 1971.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellant.

George B. Simpson, Sturgis, Warren Baker Miller, Dixon, for appellee.

**634**

DAVIS, Commissioner.

Harold Mattingly obtained verdict and judgment against Pennsylvania Life Insurance Company based on his claim of total disability as the result of an accident, within the provisions of a nonoccupational policy Pennsylvania issued to him. A summary of the facts will be given before discussion of the numerous grounds of error asserted by Pennsylvania.

Mattingly fell from a combine on October 15, 1966. He experienced pain in his low back region as a result of the fall, for which he sought medical treatment two days later when he called on his family physician, Dr. Atherton. The doctor prescribed "easing medicine" and directed Mattingly to rest in bed. However, Mattingly obtained the services of a masseur and did not revisit Dr. Atherton until January 6, 1967. Dr. Atherton referred Mattingly to Dr. Woodward, an orthopedic surgeon, who performed a partial laminectomy and dissectomy on February 13. Mattingly remained in the hospital until March 1 following the surgery. The medical testimony and Mattingly's own evidence indicate that he has not been able to perform manual labor since the accident.

Dr. Woodward deposed that Mattingly has had satisfactory recovery from the surgical procedures, but now suffers from osteoarthritis and trochanteric bursitis. Dr. Woodward explained that the bursitis was occasioned by Mattingly's being required to lie on his side after the surgery, resulting in irritation of the bursa in his thigh. The doctor also gave it as his opinion that the arthritic condition had been quiescent until the accident, but the symptoms of arthritis were brought on by the fall from the combine.

There was evidence that Mattingly now suffers from an intestinal ulcer, although there was no showing of how much, if any, of his disability is ascribable to that fact.

So far as appears of record, Mattingly gave Pennsylvania no notice of his accident nor proof of any claim until February 8, 1967. The report of disability which he furnished on that date was stamped as received by the company on February 16. Mrs. Mattingly had completed the form, inadvertently relating November 15 as the date of accident rather than October 15. The form was subscribed by "Dr. D. Vincent" as attending physician, although "Doctor" Vincent had crossed out the printed initials "M.D." following his signature.

Subsequently, other reports were furnished reflecting a claim for "nonconfining illness" and indicating Mattingly's back operation as the nature of his "sickness or injury." The company paid Mattingly $2010 and contends this sum is all that is due. These payments were based on the policy provisions relating to hospital and sickness benefits. By letter dated April 18, 1967, the company advised Mattingly that it could not accept liability under the accident provisions of the policy since his condition "did not require the regular and personal care of a licensed physician within twenty days from the date of the accident." At that time, Mattingly had not disclosed to the company that he had consulted Dr. Atherton two days after the accident.

Citing United Insurance Company of America v. Brown, Ky., 432 S.W.2d 428; New York Life Ins. Co. v. Saunders, 314 Ky. 577, 236 S.W.2d 692; and Continental Casualty Co. v. Johnson, 314 Ky. 53, 234 S.W.2d 190, the appellant asserts that Mattingly has not suffered continuous total disability and continuous loss of time within the meaning of the policy. The principal basis for this argument is the fact that Mattingly's actual farm income increased somewhat in 1967 and 1968, despite his asserted disability. Another key facet of this contention is that Mattingly rented a farm (which he placed in certain federal "soil-bank" programs) for 1967 and 1968. It is urged that Mattingly managed and supervised an extensive farming operation; hence, he was not totally

disabled, nor did he sustain continuous loss of time. It must be conceded that some of the language in United Insurance Company of America v. Brown, Ky., 432 S.W.2d 428, seems to lend support to appellant's position. If the language in Brown means that evidence of income reported in income tax returns is conclusive of the issue of the existence of disability, it should not be considered authoritative. There was no evidence indicating that Mattingly performed any of the physical duties incident to farming, and it is not claimed that he earned income from any other occupation. The supervision attributable to his efforts was no more than that shown in Rudder v. Ohio State Life Insurance Company, Ky., 389 S.W.2d 448. The increase in income was explained as not being attributable to work by Mattingly. The increase alone is not sufficient to demonstrate as a matter of law that Mattingly failed to prove disability, nor did the court mean to be so understood in United Insurance Company of America v. Brown, Ky., 432 S.W.2d 428. The issue of Mattingly's disability was appropriately submitted to the jury.

█ Next, appellant points to the evidence of Mattingly's osteoarthritis and bursitis in support of its claim that Mattingly's alleged disability did not result directly and independently of all other causes from the accident. A number of decisions are cited of which New York Life Insurance Company v. Rees, Ky., 341 S.W.2d 246, is representative.

Appellant's position would be well taken if the evidence showed that Mattingly's disability, or any part of it, arose from a source unconnected with the accident. But, the medical proof for Mattingly was to the effect that both the arthritis and bursitis were proximately caused by the accident and the effects of the accident. In these circumstances, the jury had the right to find that Mattingly's disability stemmed directly and solely from the acci-

dent. Cf. Prudential Insurance Company of America v. Grant, 226 Ky. 372, 10 S.W. 2d 1073.

█ Appellant defended on its claim that Mattingly gave false information on his application for insurance, material to the risk. On the application for insurance, a negative answer was given respecting an inquiry relating to previous injury or disease to the spine. Mattingly testified that he told the insurance agent about having consulted a doctor concerning a muscle strain in his back some years prior to the application, but the agent inserted the negative answer. The doctor whom Mattingly consulted on that occasion testified and related that the incident was not regarded by him as significant. It would appear that the rationale of Pennsylvania Life Insurance Company v. McReynolds, Ky., 440 S.W.2d 275, governs here. The record supports the drawing of an inference that Mattingly fully disclosed the back episode to the agent and that the latter regarded it as too inconsequential to report. It is significant that Mattingly gave the company authorization to examine his medical records.

█ The company sought a directed verdict on the ground that Mattingly had not shown that his injury on October 15 required "regular and personal attendance by a licensed physician, surgeon, osteopath, or chiropractor." Urging that the trial court erred in not so directing a verdict, the company cites Equitable Life Assurance Society v. Burns, 254 Ky. 487, 71 S.W.2d 1009, and Mills v. Inter-Ocean Casualty Company, 127 W.Va. 400, 33 S.E. 2d 90. In Burns, the policy provided that coverage would not extend to disability due to injury or disease "for which the injured employee is not treated by a physician." In the West Virginia decision, the policy required that the claimant be "under the regular treatment of a legally qualified physician or surgeon." In both cases recovery was denied because the claimants

failed to show compliance with those terms. In the present policy the language is:

> "If 'such injury' * * * causes continuous total disability and total loss of time within twenty days from the date of the accident and requires regular and personal attendance by a licensed physician, surgeon, osteopath or chiropractor * * * the Company will pay * * *."

In 44 Am.Jur.2d, Insurance, Section 1626, page 538, it is noted:

> "The phrase 'necessarily requires,' as used in medical attendance clauses, has been held to mean 'needs,' * * * and not that such care * * * was actually received or given."

The language of the policy at bar does not require actual medical treatment, as was true in the cited cases. Mattingly did see a licensed physician two days after the incident anyway. The company was not entitled to a directed verdict on this account.

■ The court instructed the jury in the policy language respecting medical attendance. This was sufficient. The appellant's claim of error to the effect that it was "at least" entitled to have the medical attendance matter submitted to the jury is without merit, since it was submitted.

Appellant charges error in the trial court's granting Mattingly a summary judgment on the questioned sufficiency of the claim papers filed by him with the company. The policy provides for a notice of claim in these terms:

> "Written notice of claim must be given to the Company within twenty days after the occurrence or commencement of any loss covered by the policy, or as soon thereafter as is reasonably possible."

A related policy provision pertaining to proofs of loss is as follows:

> "Written proof of loss must be furnished to the Company at its Execu-

tive Offices in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which the Company is liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible and in no event, except in the absence of legal capacity, later than one year from the time proof is otherwise required.

So far as can be discerned by careful reading of the policy, and so far as we are informed by counsel for Pennsylvania, there is no provision of the policy which could be construed as requiring notice of claim or proof of loss as a condition precedent to the company's liability. The policy does provide:

> "No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished."

■ A suit in this matter was filed on December 4, 1967; Mattingly had furnished several proofs of loss to the insurance company more than sixty days prior to the date of filing the suit. The company had accepted liability on the limited coverage of nonconfining sickness and denied liability on Mattingly's claim for total disability benefits based on accidental injury. In these circumstances, the court properly held that the lateness in giving notice of claim or proof of loss had no legal effect. The company did not seek to have the action abated. See Metropolitan Life Insurance Company v. Nusz, 261 Ky. 281, 87

S.W.2d 607, and cases there cited. Cf. 44 Am.Jur.2d, Insurance, Section 1455, page 322.

■ As its seventh point, the appellant urges that the court erred in refusing a tendered instruction informing the jury that if it did not believe Mattingly had suffered continuous, total disability and total loss of time as a result of accidental bodily injury, it should find for the company because the company had already paid all sums due for sickness. There was no need for such an instruction, since Mattingly's claim was pitched on the assertion of accidental bodily injury. He had to stand or fall on that claim.

■ The next charge of error relates to the claim that the court should have instructed the jury, in effect, that if it believed that anything other than the alleged injury of October 15 contributed to Mattingly's disability the verdict should be for the company. This phase of the case was adequately covered in the court's first instruction which required the jury to believe that Mattingly suffered continuous, total disability and total loss of time "resulting directly and independently of all other causes from accidental bodily injury."

■ Another complaint is leveled at the court's permitting Mattingly to recover benefits "all the way up to the time of trial." The court had denied an earlier motion whereby Mattingly sought to amend the complaint to that effect. However, the prayer of the complaint sought recovery at the rate of $300 per month "so long as plaintiff lives and is so disabled."

No error is seen in the court's permitting the *ad damnum* phase of the instruction to include all the time from the date of the accident until the trial.

■ Appellant complains that Mattingly's attorney stated in his closing argument to the jury: "But the point I want to be clear on is that Harold is not claiming anything in the future," and, "As I have stated before, all that Harold is claiming is what is due to him up to this time." When the appellant's attorney seasonably objected to these arguments, the trial judge appropriately pointed out that the jury's province in this phase of the matter was restricted to damages, if any, to the time of trial. There was no error in this respect.

■ Finally, appellant asserts error in the court's computation of credit due to it for payments already made. Without elaboration, it appears that appellee's damage claim for twenty-seven months at $300 per month was correctly laid at $8100. The company had already paid $2010, some of which was admittedly for hospital benefits at a higher rate. The appellant contends it was incorrectly disallowed $190 credit. This appears to be true. Upon remand, the judgment will be modified to reflect the additional credit of $190.

As modified, the judgment is affirmed.

HILL, C. J., and MILLIKEN, NEIKIRK, OSBORNE, and REED, JJ., concur.